JOHN CONNOR, Respondent, v. THE METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, January 10, 1899.

1. **Records of City Hospital:** EVIDENCE. The hospital is a city institution, and the ordinances require the managers to keep a registry of all cases for local and specific purposes, but such records are not public records, in the sense that makes them competent evidence for all purposes.

2. **Instruction:** PRACTICE, TRIAL. In the case at bar the trial court refused to give the following instruction asked by defendant: "The jury are instructed that in this case the burden of proof is on the plaintiff to prove that John Connor, who was at the city hospital from November 2 to December 6, 1893, was not the John Connor insured." Held, that such refusal was not error, as said instruction assumes as a fact that there was a man by the name of John Connor in the city hospital.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

AFFIRMED.

HENRY L. EDMUNDS for respondent.

The records of the city hospital were properly excluded from evidence. The ordinances requiring such records to be kept are merely police regulations, and the records are not public records in such sense as would make them evidence between private parties of the facts contained therein. Buffalo Loan & Trust Co. v. Knight Templar & Masonic Mutual Aid Ass'n, 9 N. Y. Sup. 347. And again in the New York Court of Appeals, 126 N. Y. 458. The court properly refused to give the first instruction asked for by the appellant, for the rule is that when a party has asked similar instructions to those given he is in no position to complain. Witman v. Sup. Lodge Knights & Ladies of Honor, 100 Mo. 36, 47, and cases cited; O'Malley v. Jordan, 57 Mo. App. 616, 621; Russell v. Railroad, 26 Mo. App. 368, 376. The second instruction asked for by the appellant was properly refused by the trial judge, as it assumes that there was a John Connor in the city hospital. Although there was some evidence to show that a man giving his name as John Connor was in the city hospital a long time prior to the time the John Connor insured took out his insurance, the court could not instruct the jury that that fact had been proven, and there was a man named John Connor in the city hospital. That would be nothing more or less than telling the jury that they must believe the appellant's witnesses. Bryan v. Wear, 4 Mo. 106, 110; Gareshe v. Boyce, 8 Mo. Mo. 228, 232; Choquette v. Barada, 28 Mo. 491, 499; Rice v. McFarland, 41 Mo. App. 489, 498; Wolff v. Campbell, 110 Mo. 114, 120.

HENRY EDMUNDS for respondent.

The court should have admitted in evidence the records of the city hospital of St. Louis. City ordinances, Revised Ordinances 1887, sections 308-310, 342, provide for the keep-

ing of such records by the health department. The general
rule is that public records are admitted in evidence although
not confirmed by the tests of truth, the obligations of an oath
or the power of cross-examination, because they are made
by authorized and accredited agents for the public use.　20
Am. and Eng. Ency. of Law, 513.　Entries in official rec-
ords are evidence of the matter recorded when it is the duty
of the office to record them.　If the things are such as it
is the duty of the officer to put on record, then the record is
evidence of the fact recorded.　Childress v. Cutter, 16 Mo.
44, 45.　The books of a municipal corporation are *prima
facie* evidence of the facts therein stated.　St. Louis Gas
Co. v. St. Louis, 84 Mo. 202.　The record of the weather
kept at a public institution may be read to show the tempera-
ture, etc., on a given day.　St. Louis v. Arnot, 94 Mo. 275.
Public hospital records are evidence, but not private letters
or certificates from the superintendents of such hospitals.
State v. Pagets, 92 Mo. 310.　Greenleaf lays down the rule
as hereinbefore contended for and cites numerous authori-
ties, all of which confirm the theory that the court erred
in excluding the city hospital records.　1 Greenl., Ev.
[15 Ed.], secs. 483, 484, and cases cited.　*　*　*　When
the foregoing facts were made apparent, it would have been
a miracle if the John Connor assured was other than the
John Connor who was at the city hospital.　While "the
Two Dromios" may appear very natural and plausible in
dramatic fiction, yet in real life so many features of identity
never happen without any identity of person. It was certainly
sufficient after the foregoing facts developed to throw the
burden on the defendant to show that the John Connor
at the hospital was not the assured.　The defendant asked
an instruction to the effect that under the law and evidence
the burden of proof was on the plaintiff to show that the
John Connor at the hospital was not the assured.　This
instruction the court refused, and we think erroneously.

In State v. Moore, 61 Mo. 276, the court says "identity of name is *prima facie* evidence of identity of person, as this court has held on more than one occasion." Flournoy v. Warden, 17 Mo. 435; Gitts v. Watson, 18 Mo. 274; 2 Greenl., Ev., par. 278d. "The rule is well established in this state that from identity of name we may presume the identity of person, in the first instance, and cast the burden on the other party to rebut it." State v. Griffie, 118 Mo. 188-197; State v. Kelsoe, 76 Mo. 505; State v. McGuire, 87 Mo. 642; 16 Am. and Eng. Ency. of Law, 119.

BIGGS, J.—The defendant insured the life of John Connor, deceased, for the benefit of plaintiff. In answer to questions contained in the application for insurance, dated October 7, 1894, the assured stated that he did not have syphilis, and that he had not been a patient at any hospital, and that he resided at number 1403 North Seventh street, city of St. Louis. The defendant averred that the answers were untrue; that at the time the insurance was applied for the deceased did have syphilis; that he had previously been treated for it at the St. Louis Hospital, and that he died from the effects of the disease. The falsity of these answers was the only controversy at the trial. All other questions entitling plaintiff to recover were conceded. The judgment was for plaintiff and the defendant has appealed.

The defendant introduced as a witness Dr. M. J. Epstein, who testified that in 1893, he was resident physician at the city hospital in St. Louis. He identified the record kept by the officials of the hospital concerning the case of one John Connor. Refreshing his memory from the record, he testified that on the second day of November, 1893, a man by the name of John Connor was admitted to the hospital, and that he treated him for syphilis; that he was born in Ireland; that he was forty-one years old; was a single man, and lived at number 1403 North Seventh street in the

city of St. Louis. The defendant offered in evidence the
record, which the court excluded. In rebuttal the evidence
of plaintiff tended to prove that number 1403 North Seventh
street, represented the entrance to two compartments of the
building, one in front, and the other in the rear; that the
deceased lived in the front portion; that during the year of
1892 or 1893, a man by the name of John Connor lived in
the rear part of the house; that he was about the age and
size of the deceased, and somewhat resembled him in other
respects.

The first assigment of error pertains to the refusal of
the court to admit in evidence the record kept by the officers
of the city hospital. The hospital is a city institution, and
the ordinances require the managers to keep a registery of
all cases, etc. The defendant has cited no case that sup-
ports the assignment. In the case of St. Louis v. Arnot, 94
Mo. 275, the opinion contains a statement that gives some
countenance to the contention, but the observation was
*obiter dictum.* The court of appeals of New York (Buffalo
v. Knight Templars, etc., 126 N. Y. 450) has decided the
question adversely to defendant. That court decided that
the records kept by the board of health of the city of Buffalo
were not competent evidence in a suit between two citizens,
although by the laws of the state and the ordinances of the
city the board was required to keep them. There can be no
difference in principle between that case and this. The
New York court held that the statute and ordinances were
police regulations, and that the records were required to
be kept for local and specific purposes, and were not public
records in that sense that made them competent evidence for
all purposes. We are inclined to the opinion that this was
the proper view and we so rule here. But the defendant
could not have been seriously prejudiced by the ruling for
the court permitted Dr. Epstein to refresh his memory from
the record, and he gave his testimony with it before him

so that practically the defendant derived the full benefit of its contents.

The court refused to give the following instruction asked by the defendant, and of which it complains:

"The jury are instructed that if they believe, from the evidence, that prior to the time John Connor, deceased, applied for and obtained the policy of insurance sued on, he had been treated as a patient in the city hospital for syphilis and afterwards died of the same disease, then they will find for defendant."

This instruction was well enough, but the circuit court in its charge to the jury fully covered the same ground. The issues were simple and easily understood, and the jury under the instructions given by the court was bound to understand them. Hence the defendant has no room for complaint.

The court refused to give the following instruction asked by the defendant.

"The jury are instructed that, in this case, the burden of proof is on the plaintiff to prove that John Connor, who was at the city hospital from November 2nd to December 6th, 1893, was not the John Connor insured."

This instruction was properly refused. The vice in it is that it assumes as a fact that there was a man by the name of John Connor in the city hospital.

Finding no reversible error in the record, the judgment of the circuit court will be affirmed. All concur.