ELLEN SAETELLE, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, November 28, 1899.

1. Life Insurance: SUIT OF POLICIES: ASSIGNMENT: PRACTICE. Mrs. Saetelle sued on both policies in one action. The policies had been assigned to her by Mrs. Heitman, deceased. At the trial respondent testified without objection until after she had been cross-examined. The lower court ruled that the objection came too late and admitted the testimony; Held error, and the court stated that often in the confusion of a trial objections vital to the case were not promptly made, but that in fairness and in due administration of the law, courts should always permit proper objections to be made, provided the rights of the opposite party would not be prejudiced thereby.

2. ———: ———: WITNESS DISQUALIFIED. It matters not whether the representative of the party who is dead, is a party to the suit or not, if the other party to the contract involved in the suit is a party, such adverse party will be disqualified from testifying.

3. ———: ———: ASSIGNMENT: ESTOPPEL Whether the appellant encouraged or opposed the assignment of the policies was a question of intention, and to be determined by the trier of the facts as was done in this case, and the finding was that the stipulation against the assignment had been waived by appellant.

4. ———: ———: ORDINANCE NOT ADMISSIBLE. The ordinance of the City of St. Louis offered in evidence, was properly excluded, as its record thereof, was not a public record in the sense that would make it competent evidence for all purposes.

5. ———: PRACTICE: FINDING OF FACTS: WHEN CONCLUSIVE. The finding of a fact by the court as a jury where there is evidence tending to establish such fact so found, will not be disturbed by the appellate court if the conclusion of law is correct.

Appeal from the St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

REVERSED AND REMANDED.

*C. M. Napton* and *James M. Lewis* for appellant.

(1) The fact that the insurance company did not object to Mrs. Saetelle's testimony when it was first offered, did not

render the testimony competent. The only way to have rendered her testimony competent was for the administrator to have called on her to testify. That was not done, and her testimony was wholly incompetent, without any objection to it having been made. It should have been stricken out as incompetent when the motion was made. The failure to object did not render the evidence competent. R. S. sec. 8918; Sitton v. Shipp, 65 Mo. 297. (2) There should have been judgment for defendant outright on the first count; that is, on the industrial policy. By its own terms it provided that any attempt to assign it without the indorsement signed by the president or secretary should render the policy void. It was shown that the company had refused to allow this policy to be assigned. And the receipt of premiums from plaintiff did not amount to a waiver. The assignment to be valid must have been approved in writing by the president or secretary. The court wholly disregarded the consideration of this matter and the judgment should be reversed. 4 Joyce on Insurance, sec. 2328, says: That there can be no assignment of a life insurance policy if the policy by its terms expressly forbids the same. Unity Ins. Co. v. Dugan, 118 Mass. 219. In Helmetags v. Miller, 76 Ala. 183, it was held that whether the assignment be absolute or conditional (as collateral security), it is only valid in the hands of the assignee to the extent of the money lent by him. 4 Joyce on Ins., sec. 3488; 3 Joyce on Ins., sec. 2336.

*M. Kinealy* and *Kinealy & Kinealy* for respondent.

(1) The first objection to the findings of the court should not be entertained. This testimony was believed by the court, and this being an action of law, his findings of fact are conclusive. Freeman v. Moffitt, 119 Mo. 294. (2) The second objection urged by appellant is that the letter of Buckman, manager of the law division, to the attorney of the respondent,

written May 21, 1898, was immaterial. We contend that this objection was not well founded, because the letter plainly shows that the only ground of objection which defendant then made to the payment of this policy was "that the policies were obtained by the insured by misrepresenting the state of her health at the time the policies were issued." This tended to show that if appellant had any other ground it had waived it. Ins. Co. v. Kyle, 11 Mo. 278; Jenkins v. Ins. Co., 58 Mo. App. 210. (3) The third point made by the appellant is that the court erred in permitting Mrs. Saetelle to testify in support of her claim because Mrs. Heitman was dead. This action is solely one between the Metropolitan Company and Mrs. Saetelle. They are the only parties to the cause of action on trial. Sitton v. Shipp, 65 Mo. 297. "The proviso in our statute (Wag. Stat. p. 372, sec. 1), was only intended to apply where litigation was between the party offered as a witness and the representative of the deceased, with reference to some contract or other matter to which the deceased and the party offered as a witness were parties. As the court said in that case, so we say here. This was precisely the case here." It is undisputed that the assignment of the industrial policy was made on forms furnished by defendant for that purpose, and that after the assignment had been sent to appellant's home office, and had been returned accepted by it, appellant received the premiums from the assignee, knowing that she was paying them as assignee. Under these circumstances the assignment is binding on defendant. 2 Bacon on Ben. Soc. & L. Ins. Co., sec. 431; Grand Lodge v. Renan, 75 Mo. App. 410; 1 Joyce on Ins., sec. 560.

BLAND, J.—The defendant company, by its two separate policies, insured the life of Helen Crawford, who afterwards intermarried with one Heitman, for $2,000, each policy being for $1,000. The plaintiff sued on these policies, claiming to be the owner by assignment from the assured Helen Heitman. The defense was a denial of liability on either of

the policies; a denial of their assignment to plaintiff, and a plea of untruthful statements made in the applications for the insurance by the assured, and the concealment of facts by her, which, the answer alleged, contributed to the disease of which she died. The reply was a denial of the new matter set forth in the answer. The issues were tried by the court, sitting as a jury, who found for plaintiff for the full amount of one of the policies, and $650 on the other one. After unavailing motions for new trial and in arrest the defendant appealed.

Mrs. Heitman, the assured, died of consumption. Proofs of death were duly made out by the plaintiff and furnished the defendant. The home office of the defendant is in the city of New York, but it maintains a general office in the city of St. Louis, in charge of a general agent. Plaintiff to establish an assignment of the policies to her by Mrs. Heitman, offered the following, partly printed, and partly written, instruments:

"INVESTIGATION DIVISION.                    Form 22.

CHANGE OF DESIGNATION.

"Industrial Department.—Metropolitan Life Ins. Co.

"Whereas, Policy No. 10429009 is by its terms payable either to the executor or administrator, husband or wife, or relative by blood, or lawful beneficiary of the insured; and

"Whereas, in the application Helen Crawford (now Heitman) age 28 was designated as the person to whom applicant desired benefit to be paid; and whereas, the undersigned unite in a desire and consent to the change of said designation indicated below:

"Now, therefore, in consideration of the foregoing and of other valuable considerations, the receipt whereof is hereby acknowledged, the undersigned hereby agree each with the other and with the Metropolitan Life Insurance Company that

Ellen Saetelle.

. . . . . . . . . . . . . . . .  . . . . . . . .  . . . . . . . . . . .  . . . .  . . . .  . . . .

age 32 years; (state relationship to life insured) creditor of

life insured; by occupation a housewife shall be and is hereby substituted for the person designated in the application as the person to whom applicant desired benefit to be paid; without prejudice, however to the terms and provisions, conditions, warranties and agreements contained in said application and policy.

"This agreement and consent are expressly made subject to the provisions of the policy as to payment; and it is expressly agreed that the Metropolitan Life Insurance Company does not by reason hereof or otherwise undertake any further or other obligation than is contained in the said policy and does not make any contract, promise or agreement with the person designated as beneficiary or person to whom the benefit to be paid.

Helen Heitman (Seal) Insured.
Residence 6100 N. Broadway, St. Louis, Mo.

Witness.   Anthony Nacke.

Husband lives apart (Seal) Husband.
or wife

Residence........................from his wife.

Witness.   Anthony Nacke.

Ellen Seatelle (Seal) Person.
Designated in Application.
Residence 6100 N. Broadway, St. Louis, Mo.

Witness.   Anthony Nacke.

Dated at St. Louis, Mo., this 19th day of October, 1897.

| Agent's name in whose account policy appears. | Between Life Reg. Totals. |
|---|---|
| F. Joergens. | 1734 and ..1740. |

"Note. If above policy is on the life of an unmarried adult this form must be signed by the life insured and by the person designated in the application as the one to whom proceeds of policy may be paid.

"If on the life of a married adult this form must be signed by the life insured, and said insured's husband or wife

(if living) and by the person designated in the application as the one to whom the proceeds of policy must be paid.

"If on a life of under twelve years of age next birthday when insured, this form must be signed by both parents (if living) and by the person designated in the application as the one to whom proceeds of policy must be paid.

"If the person designated in the application is under 21 years of age no request for change of designation will be considered, as infants are legally incapable to execute a valid 'change of designation.'

"If there is no more than one policy on the life insured under which a 'change of designation' is desired, a separate form must be executed for each policy.

" 'Change of Designation' to a friend or non-relative not having a lawful insurable interest in the life insured will not be accepted by the company.

"If a creditor is designated herein as the person to whom benefit may be paid, such creditor will, if he appears as claimant in the event of the death of the insured, be required to furnish affidavits and such other evidence as may be demanded by this company, of the nature and amount of his claim against the insured's estate or otherwise to produce letters of administration in his (said creditor's) name upon said insured's estate.

"George B. Woodward, Secretary.

Form 020 A.

"Instructions:—Assignments must be made in duplicate. Send both to the home office in New York City to be recorded. One will be retained, the other returned to be attached to policy. Assignments must be acknowledged before a notary public or commissioner of deeds, whose certificates of authority and seal must be attached.

For value received—hereby assign Policy No. 87089 A. issued by the Metropolitan Life Insurance Company of New York, on the life of Helen Heitman—with all the proceeds

thereof and all sums of money, interest, benefit and advantages whatsoever accrued and to accrue thereunder unto—Ellen Saetelle residing at 6100 N. Broadway, St. Louis, Mo. Relationship to insured, none; and I do also for myself, my executors, administrators or assigns, guarantee the validity and sufficiency of this assignment to the above named assignee, her executors, administrators, or assigns, and my title to the said policy will forever warrant and defend. It is agreed that by the giving and taking of this assignment no obligation arising out of this instrument is or shall be assumed by the Metropolitan Life Insurance Company.

"State of Missouri,  ⎫
                      ⎬ ss.
"City of St. Louis,  ⎭

Witness. Anthony Nacke.

Helen Heitman (Seal).

"On this 19th day of October, 1897.

"Before me personally came—Helen Heitman

To me known to be individual described in and who executed the foregoing assignment, and she acknowledged that she executed the same.

Anthony Nacke,
(Notary)        Notary Public.
(Seal)  My term expires June 25, 1901.

To be filled in at the Home Office recorded at the office of the Metropolitan Life Insurance Company in Register F., Folio 13, Dated October 29, 1897.

"George B. Woodward, Secretary."

With reference to these assignments respondent testified that she went to the office of the appellant in the city of St. Louis, stated her case to the general agent, and received the assignment papers in blank from the office and was instructed by the agent to go before a notary with Mrs. Heitman to

have the papers executed; that she was instructed at the same time to have the papers executed in duplicate, and to return a copy of each to be forwarded to the home office, that she did this, and that the copies were forwarded to the home office and never returned. She also testified that she had loaned money to Mrs. Heitman and furnished her with provisions, house rent, etc., amounting in all to $1,650 (the amount of the judgment). She also testified that after the assignments were made she paid all of the dues and premiums on both policies. Her testimony as to the payments is not contradicted, but corroborated by the evidence for the appellant. One of the policies, called the Industrial Policy, has the following clause or condition, to wit: "Condition 4  *  *  * or if said policy shall in any way be assigned, sold, mortgaged or otherwise parted with, or if any erasure or alteration shall be made in said policy, except by endorsement signed by the president or secretary  *  *  *  this policy shall thereupon become void."

On the part of the appellant the evidence tended to show that Mrs. Heitman had been afflicted with chronic bronchitis prior to taking out the policies, and that this disease may have contributed to consumption (of which disease she died); that plaintiff after the death of Mrs. Heitman, in a conversation with one of appellant's agents, stated that in round numbers Mrs. Heitman owed her altogether $600; that the duplicates of the assignments were forwarded to the home office, and the one purporting to assign the industrial policy was returned to St. Louis, the company refusing to recognize the assignment or have anything to do with it, but it was not shown that plaintiff was ever notified of this fact.

1.   The day after respondent had been examined and cross-examined, counsel for appellant arose in court and made the following motion and statement, to wit: "If your Honor please, before the case is closed I want to make this statement: That when Mrs. Saetelle was called to testify in this case it

didn't occur to me that she was an incompetent witness for certain purposes, and I desire now, while the plaintiff Saetelle has an opportunity to introduce other evidence upon the question of the indebtedness and assignment, to object to her evidence as to any assignment of the policy to her, or to any indebtedness of Mrs. Heitman, the insured, to her, on the ground as set out in the statute that, Mrs. Heitman being dead, Mrs. Saetelle is an incompetent witness to testify in this case. Now I will state this: That objection did not occur to me at the time, and I wish now to give an opportunity to her of offering other evidence on that point. I desire to make that objection, and move to strike out her testimony as to any assignment to her of the policies, or as to any indebtedness of Mrs. Heitman to the plaintiff." Counsel for plaintiff objected to this motion, on the ground that it came too late; the court sustained the objection because the motion came too late; the motion was made before the plaintiff had closed her evidence in chief and the opportunity was available to her to offer other and competent evidence to supply her own that had been excluded. Had the motion been sustained that plaintiff would not have been in a worse condition, as to furnishing proof of Mrs. Heitman's indebtedness to her, than she would have been had the objection to her competency been made at the proper time, and we think the denial of the motion for the reason assigned was error. It not infrequently happens, that in the hurry and sometimes in the confusion of a trial able counsel fail to make objections and to take exceptions that are vital to his client's action or defense, and afterwards discovering his omission moves the court to hear and pass on the objection out of order. This the court in fairness to counsel, and in order to promote a due administration of the law, should always permit, provided the rights of the opposite party will not be prejudiced thereby, by putting him to an inconvenience which he would not have suffered had the objection been made in regular order and at the proper time.

But counsel for respondent contends, that as no representative of Mrs. Heitman is a party to the suit, the plaintiff is a competent witness. In this contention he is supported by Northrup v. Ins. Co., 47 Mo. 140; Sitton v. Shipp, 65 Mo. 297; but these cases are virtually overruled by Meier, v. Thieman, 90 Mo. 433; Van Syckel v. Beam, 110 Mo. 589; Nichols v. Jones, 32 Mo. App. 657; Ashbrook v. Letcher, 41 Mo. App. 369. The decisions of our appellate courts construing section 8918 Revised Statutes 1889, are not entirely harmonious, but as we read the last authoritative construction of that statute by our supreme court, it is against the contention of respondent, and we hold that the plaintiff was not a competent witness to prove the contract of the assignments of the policies nor the consideration on which they were made.

The appellant's further contention is, that the industrial policy is not assignable, and that plaintiff acquired no interest by the attempted assignment, and has no capacity to sue thereon. The respondent to this contention replies that appellant by its conduct waived an adherence by the assured to this stipulation. There is evidence tending to prove that appellant consented to and encouraged the assignment of the policies, and after the assignment was made recognized plaintiff as the legal holder of the policies, by demanding of and receiving from her the premiums and assessments thereon as they became due. The question was one of intention to be determined by the trier of the facts. Ehrlich v. Ins. Co., 88 Mo. 249; Lee v. Hassett, 39 Mo. App. 67; Marchildon v. O'Hara, 52 Mo. App. 523. The result reached shows that the trier of the facts found that the stipulation against assignment had been waived by appellant.

3. The ordinance of the city of St. Louis offered in evidence were properly excluded, 78 Mo. App. 131.

4. The appellant strenuously insists that we shall examine the testimony of respondent and pass upon her credibility and

the probative force of her evidence. It has been so often and consistently held in this state, that appellate courts in action at law will not do what we are here asked to do, that it is a waste of energy for counsel to make the request in their briefs. Moffitt v. Freeman, 119 Mo. 294.

For the error of the court in overruling the appellants motion to exclude a part of the plaintiff's testimony, the judgment is reversed and the cause remanded. All concur.