ELLEN SAETTELE, Respondent v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, December 4, 1900.

**Witness, Competency of Wife:** ADMINISTRATOR: ASSIGNMENT: INSURANCE POLICY: STATUTORY CONSTRUCTION. Where insurance policies have been assigned to a wife for an indebtedness to her from her husband, and the administrator of the estate of the husband is made a party defendant, and the administrator of the assured states in open court that he has no objection to the testimony of the wife (plaintiff) and himself examines the wife fully as to the assignment to her and the indebtedness of the assured; this conduct on the part of the defendant works a removal of the statutory disability of the witness.

Appeal from the St. Louis City Circuit Court.—*Hon. John A. Talty*, Judge.

AFFIRMED.

*Charles M. Napton* for appellant.

There can be no assignment of a life insurance policy if the policy, by its terms, expressly forbids the same. Unity Ins. Co. v. Dugan, 118 Mass. 219. The mode of assignment must be determined by the terms of the policy or by-laws of the society. If these provide for assignment in a certain way, all other methods are excluded. Head v. Supreme Council, 64 Mo. App. 212; Coleman v. Supreme Lodge, 18 Mo. App. 189; Grand Lodge v. Elsner, 26 Mo. App. 108; Barnes v. Ins. Co., 30 Mo. App. 550. Assignments can only be made when done in conformity with the terms of the policy. The rule is universal. 2 Joyce on Ins., sec. 916; 2 Joyce on Ins., sec. 914; Charter Oak Life v. Brant, 47 Mo. 419; Baker v. Young, 47 Mo. 456. The court erred in permitting the plaintiff to testify as to the assignment to her by the insured; and in permitting her to testify as to the indebtedness of the insured to her. In reference to physicians, attorneys, etc., it has been held that the exclusion of their testimony as to information obtained in their professional capacity is a privilege, and may be waived. Thompson v. Ish, 99 Mo. 160.

*M. Kinealy* and *Kinealy & Kinealy* for respondent Mrs. Saettele.

*F. A. C. MacManus* for administrator of Helen Heitman's estate, respondent.

(1) If an assignment of a life policy be not prohibited it is valid and binding. 2 May on Insurance (3 Ed.), p. 856, sec. 388; 13 Am. and Eng. Ency. of Law, 646. (2) But the administrator examined Mrs. Saettele as a witness on his own behalf as to those assignments and the indebtedness of Mrs. Heitmann to Mrs. Saettele which they were made to secure. This of itself rendered her a competent witness as to all these matters. Tomlinson, Adm'r of Ford v. Ellison, 104 Mo. 106. And the order in which testimony is admitted is immaterial. Farley v. Pettis, 5 Mo. App. 262.

BOND, J.—This is an action by an assignee, who was also a creditor of the assured, upon two policies of insurance. When first instituted it was only against the company issuing the policies. After the decision of this court on the first appeal (81 Mo. App. 509), the plaintiff joined the administrator of the assured as a party defendant. The facts are fully stated in the former opinion of this court and need not be further stated than is necessary to dispose of the questions preserved for review upon the appeal of the defendant insurance company from a judgment against it for the full amount of the policies in suit in favor of plaintiff to the extent of the indebtedness to her secured by the assignment of the policies and in favor of the administrator of the assured for the residue.

The first point urged for a reversal is, that one of the policies, termed "industrial" was not assignable. That point was made on the former appeal and ruled adversely to appellant, upon the evidence tending to show waiver of the provision of the policy against its assignment. The present record presents substantially the same evidence as to waiver which was adduced on the former trial, and the law applicable to it having been correctly stated in the former opinion,

the point is not, therefore, open to review on a second appeal.

The second point relied on for a reversal is, that plaintiff was an incompetent witness to testify to the assignment of the policies in suit, or to the extent of her demands against the assured which the assignment was intended to secure. The administrator of the assured stated in open court that he had no objection to such testimony, and himself examined plaintiff fully as to the assignment to her and the indebtedness of the assured. This worked a removal of the statutory disability of the witness, who was evidently called to testify, in order to establish the right of the administrator to share in the sum due upon the policies, notwithstanding both of them apparently belonged to the plaintiff as assignee. Her testimony on these points, limiting her rights as assignee, enured to the benefit of the estate in the hands of the administrator, hence it was clearly his province to use the same in an action on the policies to which he was a party.

The final point insisted upon by appellant is, that the policies were void because obtained by fraud and misrepresentation. It is sufficient to say in answer to this contention that apt and full declarations of law covering this phase of the evidence were given by the trial court, and that the finding of the court, sitting as a jury, was adverse to appellant, upon whom rested the burden of proof to establish this defense, and that there is nothing in the record which suggests passion, prejudice or unjudicial conduct on the part of the trier of the facts.

The result is the judgment herein is affirmed. All concur.