## DRINKWATER *vs.* MOREMAN.

1. In a suit upon a warranty of title, an eviction is established when it is shown that the land was levied upon under a judgment against the person from whom the warrantor derived title, of older date than the warranty, that a claim was interposed by the warrantee, of which claim the warrantor had notice whilst it was pending, that on the trial of the claim the land was found subject, that it was afterwards sold under the levy, and that the warrantee has yielded, or been turned out of possession.

2. The date of the contract, not of the breach, is the material matter in a contest with the homestead right. A judgment or decree, resting on a covenant of warranty older than the constitution of 1868, will prevail over a home-tead right under that constitution, though the eviction took place long after the constitution was adopted.

3. When one holding land with warranty of title, is adjudicated a bankrupt, and the land is set apart to him by the assignee as exempt in bankruptcy, his right to avail himself of the covenant of warranty, upon a subsequent eviction, is unaffected. It makes no difference that the land, before it was set apart as exempt, was offered for sale by the assignee, and bid off by a third person for the bankrupt's wife, the sale never having been consummated—no money paid, and no conveyance executed.

Equity. Warranty. Eviction. Judgments. Homestead. Bankrupt. Before Judge WRIGHT. Dougherty Superior Court. April Term, 1878.

On November 19th, 1866, Moreman was the owner of a small farm of eight acres, one mile below Albany. Drinkwater owned a lot on Broad street, in the city of Albany, known as lot number 77, and east half of lot number 79. They made an exchange, giving each to the other a warranty deed and possession. Drinkwater has had the place acquired by him set apart to his family as a homestead. The property exchanged to Moreman was levied on under an execution in favor of Neal against Durham, from whom Drinkwater derived title, and a claim interposed by Moreman. In 1872 this property was found subject. This decision was affirmed by the supreme court, and since then a sale has been made by the sheriff for $2,600.00, and More-

man evicted.   The proceeds were not enough to pay the judgment.   Drinkwater is insolvent.   He had full notice of the claim case whilst it was pending.   Moreman was adjudged a bankrupt in 1870; returned the said city property in his schedule ; it was sold by his assignee, and bid off by Mr. Hobbs for Mrs. Moreman, at $525.00.   No money was paid by her, as it did not bring as much as the exemption allowed Moreman in bankruptcy.   At the time of exchange each of the properties were valued at $2,000, but, through depreciation, they are not now worth more than half that sum.   Neither party had actual notice of the execution against Durham at the time of the exchange.

Upon these facts Moreman filed his bill, praying that Drinkwater be enjoined from disposing of the property conveyed to him, that the contract of exchange be canceled, that a receiver be appointed, etc.

By an amendment, complainant prayed that, as the contract of exchange was made prior to the adoption of the constitution and homestead law of 1868, he may have a decree for the amount of his debt, directing that the property conveyed by him to Drinkwater be sold, and said debt paid therefrom as for the purchase money.

The facts, as above stated, were agreed upon and the case submitted to the chancellor, who decreed, in substance, as follows:   That the complainant recover from the defendant $1,000.00, with interest from the date of eviction ; that this amount stand as a lien of higher dignity than the homestead set up by defendant in the land conveyed to him by complainant ; that the same be sold, etc.

To this decree the defendant excepted.

WARREN & HOBBS, for plaintiff in error, cited 44 *Ga.*, 333, 339.

D. A. VASON, for defendant, cited 54 *Ga.*, 551.

BLECKLEY, Justice.

1. The eviction of Moreman took place under a judgment lien against the land, which existed when Drinkwater con-

veyed with full warranty of title. There was thus a breach of the covenant of warranty. 54 *Ga.*, 81.

2. The covenant itself was older than the constitution of 1868, giving homestead and enlarged exemptions, and though the breach did not become complete until after the constitution took effect, the homestead right is subordinate to the right of the covenantee as a creditor. The material date, on the question of impairing contracts by after legislation, is the date of the contract, not the date of breaking or violating the contract. 54 *Ga.*, 551.

3. Before Moreman's eviction he became bankrupt, and his assignee offered the land for sale, and it was bid off for Moreman's wife; but the sale was never consummated; and Moreman was left to keep the land, it being of less value than the maximum exemption of realty to which he was entitled in bankruptcy. The form of assigning it to him as exempt may have been deficient, but the substance was not. Now, a bankrupt gets no new title to his property by its being assigned or set apart to him as exempt. He holds it afterwards by the very same title by which he held it before. So that at the time of his eviction, he held the land under the deed from Drinkwater containing the covenant of warranty. By the loss of it, in consequence of the old judgment lien, damage resulted to Moreman himself, not to his wife or his assignee in bankruptcy. The decree is correct, though the view we take of the legal theory on which it rests may not be precisely the same as that which the bill presents. Indeed, we have no doubt a recovery could have been had at law on the covenant, and that to satisfy it the Drinkwater homestead could have been levied upon and sold without resort to equity. But no question was made as to the *forum* and the time for making it has passed.

Judgment affirmed.