WILLIAM DAWSON and another *vs.* GIRARD LIFE INSURANCE, ANNUITY AND TRUST COMPANY OF PHILADELPHIA.

## January 25, 1881.

Real Estate of Deceased Person—Liability for Debts.—*State* v. *Ramsey County Probate Court*, 25 Minn. 22, followed and applied to this case.

Vendor's Lien—Subsequent Creditor without Notice.—A vendor's lien upon real estate does not prevail against a creditor of the vendee, whose claim accrued subsequently to the lien, and without notice of it.

Payment of Creditor of Deceased Person.—Query: Whether the proviso of Gen. St. 1878, *c.* 46, § 3, has any reference to the right of a creditor of a decedent's estate to insist that the real property of the same shall be sold and applied to the payment of his debt.

Payment of Taxes by Claimant not in Possession.—In an action under the statute to determine an adverse claim to real property, the defeated party, not having been in possession of the premises in controversy, is not entitled to any relief on account of having paid taxes upon such property.

Appeal by plaintiffs from a judgment of the district court for Ramsey county in an action to quiet title, tried before *Simons*, J., without a jury, adjudging that the plaintiffs had not any estate, title or interest in or to the real estate in controversy, but that the defendant was owner thereof in fee-simple.

*J. B. Brisbin*, and *W. S. Moore*, for appellants.

*Allis & Allis*, for respondent.

BERRY, J.   On September 2, 1857, Vetal Guerin, owning certain real estate in Ramsey county, being the same which is in controversy in this action, conveyed it to Philip Goldsmith, and, in exchange, Goldsmith, by warranty deed, conveyed to Guerin certain real estate in Dakota county, to a part of which he (Goldsmith) had no title.   On January 19, 1858, Goldsmith, by warranty deed, conveyed certain real estate to William Coffin.   On August 8, 1863, Goldsmith died testate, seized of the lands in controversy, by his will making Sarah Goldsmith (his widow) his sole executrix and devisee of said lands.   On August 26, 1866, the will was duly admitted to probate in Ramsey county, and an attested copy of the same, and of the probate thereof, duly recorded in the registry of deeds.   The executrix entered upon her duties and continued to act until she was removed, on April 20, 1876. On December 8, 1869, Coffin was evicted from the lands conveyed to him by Goldsmith, under a claim of paramount title.   Commissioners to pass upon claims against Goldsmith's estate were appointed by the probate court of Ramsey county, on December 20, 1869.   Upon the presentation of Coffin's claim for damages for the breach of the covenant of warranty by his eviction, the commissioners allowed him $28,548.55, and duly filed their report September 27, 1870. On appeal to the common pleas and to this court, Coffin's damages were finally fixed at $42,122.28, with costs, and proper transcripts were filed in the probate court, on March 13, 1876.   Upon the removal of the executrix, Beals, having been duly appointed administrator, with the will annexed, of Goldsmith's estate, and having qualified and entered upon his duties, commenced proceedings, on March 28, 1877, in the probate court, to sell the real estate in controversy to satisfy Coffin's claim, and, in pursuance of license granted May 6, 1878, sold the same for that purpose to defendant, on June 3, 1878.   This is defendant's title, and it must be taken to be a good title unless the plaintiffs can show a better.

On November 30, 1867, Guerin, being in embarrassed circumstances, assigned his claim for damages for the breach of covenant in Goldsmith's deed to him to Brisbin, who was to prosecute the same, and pay over the proceeds (less a reasonable compensation for services) to Guerin. On December 20, 1867, Brisbin commenced an action for the recovery of the claim for breach of the covenant of seizin, in his own name, but for Guerin's benefit, against Sarah Goldsmith, as executrix as aforesaid. The action was not prosecuted to judgment, but it was agreed that it should be dismissed, in consideration that said Sarah, as executrix and. devisee, should convey the land in controversy to Guerin. On May 6, 1868, she accordingly quitclaimed the same to Clark, who, at Guerin's request, quitclaimed the same to Brisbin's wife, by whom (Brisbin joining) the land was, on October 16, 1868, conveyed, by warranty deed, to plaintiffs for $1,000, $400 of which was retained by Brisbin for his services, and the residue paid to Guerin. These three deeds were all duly recorded on October 16 and 17, 1868.

Among others the district court found conclusions of law to the effect—*First*, that the validity of Coffin's claim against the estate of Goldsmith was established by the proceedings in the probate court, common pleas, and supreme court, before mentioned, and cannot be litigated in this action. *Second*, that Guerin's equitable lien, as vendor of the premises in controversy, growing out of the failure of title to a portion of the real estate received by him in exchange therefor, cannot prevail against the claim of Coffin, as a subsequent creditor without notice of Goldsmith, Guerin's vendee, and the defendant's title is not affected by such lien. *Third*, that, conceding that such lien, if properly enforced, would have been paramount to the claims of subsequent creditors of the vendee, still the lien has not been in any manner enforced. Goldsmith, at the time of his death, had an interest in the premises liable to be sold for the payment of his debts. That interest.

having been sold, the purchaser takes it, and will hold the land until the vendor's lien has been legally enforced, which cannot be done in this action.   *Fourth*, that the deed executed by Sarah Goldsmith, as executrix and devisee, under which plaintiff's claim, is inoperative as a conveyance of the premises in controversy, and defendant's title is not affected thereby.    *Fifth*, that defendant is owner in fee-simple of said premises, and plaintiffs have no estate, title, or interest therein.

These findings are, in our opinion, correct.   The first is directly supported by *State* v. *Ramsey County Probate Court*, 25 Minn. 22.    The second is simply an application of the well-settled rule that a vendor's lien upon real estate does not prevail against a creditor of the purchaser, whose claim accrued subsequently to the lien, and without notice of it. 2 Washburn Real Prop. *c.* 16, § 3, subd. 13 ; *Bayley* v. *Greenleaf*, 7 Wheat. 46 ; *Webb* v. *Robinson*, 14 Ga. 216 ; *Chance* v. *McWhorter*, 26 Ga. 315; Perry on Trusts, § 239.    The third and fourth are supported directly or by necessary inference by *State* v. *Ramsey County Probate Court*, above cited.    The fifth is an obvious consequence and result of the four preceding. The plaintiff's position, that the real estate in question was relieved of any charge or liability by the operation of the proviso of Gen. St. 1878, *c.* 46, § 3, is disposed of in the case cited, where that section is held not to be retroactive, but to include future cases only, and, therefore, to have no application to a claim like that of Coffin in this case.   It is not improper to add that it is by no means clear that this proviso has any reference whatever to the right of a creditor of a decedent's estate to insist that the real property of the same shall be sold and applied to the payment of his debt.

One other finding of the court below remains to be noticed. The plaintiffs paid taxes duly assessed upon the premises in dispute for four years.   The court finds that, not having been in possession of the premises, they are not entitled to any

relief in this action on account of such payments.    As this is merely an action under the statute to determine an adverse claim, the propriety of the finding is apparent.

Judgment affirmed.