IDA BISHOP, Respondent, v. THOMAS SEAL et al., Appellants.

**Kansas City Court of Appeals, March 4, 1901.**

1. **Vendor and Vendee: EXCHANGE OF LANDS: LIEN; UNDIS-CLOSED INCUMBRANCE.** A traded to B a lot for his farm. B failed to reveal the existence of a certain incumbrance on the farm. *Held,* A was entitled to enforce a lien on the lot sold to secure the amount of such undisclosed incumbrance, even though he had a right of action on the covenant of warranty.

2. ———: MISREPRESENTATIONS: RELIANCE ON. A vendee may rely upon the representations of the vendor where the subject-matter to be examined is at a distant place involving expense, etc., to make the examination.

3. ———: ———: INNOCENT MISTAKE. The absence of a willful design to defraud is not necessary to a right of action for misrepresentations, if the party is, in fact, defrauded, and even an innocent mistake will be actionable if injury results.

4. ———: LIEN: INCUMBRANCE: PREMATURE JUDGMENT. Where there is an existing incumbrance on the land sold, which the vendor is bound to remove, but does not, the vendee may bring his action to charge the amount of such incumbrance as a lien on the property traded to the vendor as part consideration, even though he is in quiet possession.

Bishop v. Seal.

Appeal from Jasper Circuit Court.— *Hon. J. D. Perkins,*
Judge.

AFFIRMED.

*Champ C. Conner* and *E. O. Brown* for appellant.

(1)    Even though the incumbrances upon the Barton
county land exceeded the amount represented by Thomas Seal,
yet under the circumstances of this case, plaintiff is not enti-
tled to a vendor's lien for the excess; especially, where, as
here, the evidence shows that no portion of such incumbrances
has been paid by her.    3 Pomeroy's Equi. Jurisp., sec. 1250.
(2) The grantor's lien, wherever recognized, is only permitted
as a security for the unpaid purchase price and not for any
other indebtedness or liability.    There must be a certain
ascertained and absolute debt owing for the purchase price;
the lien does not exist in behalf of any uncertain, contingent
or unliquidated demand.    3 Pomeroy's Eq. Jur., sec. 1251.
(3) This proceeding is based on a straight-out money demand,
therefore, the circuit court had no jurisdiction to declare an
equitable lien on the Carterville lots.    The plaintiff's remedy
is upon the covenants of warranty contained in her deed.
Grocery Co. v. Clark, 2 Mo. App. Rep. 453.    (4) Moreover
no right of action accrues until she suffers an ouster or is com-
pelled to pay the incumbrances to save her estate.    Hunt v.
Marsh, 80 Mo. 398; Buren v. Hubbell, 54 Mo. App. 624.    (5)
If the buyer neglects the means easily within his reach, he
must suffer the consequences of his own folly and credulity.
Dunn v. White, 63 Mo. 181; Lewis v. Land Co., 124 Mo. 687;
Bailey v. Smock, 61 Mo. 213.    The representations, though
false, if innocent and made without any intention to defraud,
and under the belief that they were true, furnish no support

Vol 87 app—17

for the allegation of fraud and deceit. Walsh v. Morse, 80 Mo. 568; Dulaney v. Rogers, 64 Mo. 203; Cahn v. Reid, 18 Mo. App. 127. (6) This action is premature for the reason that no right of action accrued to the plaintiff therefor, until she suffers an ouster or is compelled to pay such incumbrances to save her estate. Louis v. Bissell, 46 Mo. 157; 19 Am. and Eng. Ency. of Law, p. 363.

*Howard Gray* for respondent.

(1) The first point ·is settled absolutely in favor of the respondent and against the appellants in the following cases in Missouri: Pratt v. Clark, 57 Mo. 189; Florida v. Morrison, 44 Mo. App. 529; Williams v. Crow, 84 Mo. 298; Bennet v. Shipley, 82 Mo. 448. The second point is also settled adversely to appellants' contention by said authorities. Brown v. Brown, 124 Mo. 79; Dunn v. White, 63 Mo. 181; Cahn v. Reid, 18 Mo. App. 115; Caldwell v. Henry, 76 Mo. 254. (3) The appellants, under this same heading, contend that it was necessary to show some actual fraud or deceit perpetrated and practiced for the purpose of cheating the respondent. This is not law. Florida v. Morrison, 44 Mo. App. 529; McBeth v. Craddock, 28 Mo. App. 380; Goebel v. Troll, 71 Mo. App. 123; Nearen v. Bakewell, 110 Mo. 645; Caldwell v. Henry, 76 Mo. 254.

ELLISON, J.—Plaintiff owned certain lots in Carterville, Jasper county, Missouri, and defendant owned a farm in Barton county. An exchange was agreed upon and consummated in Jasper county as follows:

Plaintiff deeded her lots to defendants and executed her note to them for $1,000, and also assumed in defendants' deed to her, certain incumbrances on defendants' farm amounting

to $5,800. In consideration of these things, defendants deeded the farm to plaintiff. In the transaction, defendants represented to plaintiff that $5,800 was all the incumbrance there was on the farm and plaintiff relied upon such representation as being true, whereas, in point of fact, there was a further incumbrance of $642 which was a valid and existing lien thereon. On ascertaining this fact, plaintiff instituted this action whereby she seeks to enforce a vendor's lien against the property in Carterville which she conveyed to defendants as aforesaid. The trial court granted her prayer, entering a decree that plaintiff have a lien for said last-mentioned sum against the lots so deeded to defendants, to be discharged by defendants paying off the said incumbrance of $642 on the Barton county farm deeded to plaintiff, on or before the next term of the court. And in default of so paying said incumbrance, within such time, plaintiff should have execution.

We have no doubt as to the correctness of the equitable principle adopted and enforced by the trial court. It can make no difference whether plaintiff's claim can be technically designated as a simple vendor's lien. Certain it is that she is entitled to the aid of a court of equity to enforce her claim against the lands she parted with in exchange for the property she got of defendants. Plaintiff's claim is, in effect, the claim of a vendor. Pratt v. Clark, 57 Mo. 189. The transaction was, substantially, a sale of her Carterville lots at a price which she, in reality, failed to receive by the sum claimed by her. Florida v. Morrison, 44 Mo. App. 529. And her equitable relief will not be barred by her right to sue on the covenant of warranty in the deed to her. A vendor's lien can exist concurrently with a legal remedy. Pratt v. Clark, supra. Especially will equity grant relief when the legal remedy is inadequate. As, for instance, when, as here, the party complained of is insolvent. Harper v. Rosenberger, 56 Mo. App. 388.

But it is said that plaintiff should not have relied upon defendant's misrepresentations as to the total incumbrances on the Barton county land and that she should have ascertained for herself. It is undoubtedly true, where the parties are on equal footing—where the means of personal examination or inquiry are at hand or conveniently near, neither should rely on the statement of the other. The rule in this respect is shown in the case of Mires v. Summerville, decided in this court last June; and in Lewis v. Land Co., 124 Mo. 672, 687. But where the subject-matter to be examined is at a distant place, involving expense and inconvenience to the inquiring party, he may safely limit his inquiry to his opponent in the transaction and trust to his representation. Dunn v. White, 63 Mo. 181; Cahn v. Reid, 18 Mo. App. 115, 130. In the latter case it was said: "The law  *  *  *  does not absolutely preclude one from trusting in another in regard to those things which that other has the means of knowing, and the one is not in a position to know or ascertain the truth from his own observation. If from the character, situation or surroundings of the thing traded for, one party is compelled to trust the representations of the other, and reposing special confidence in him for that purpose, relies on his proffered representations, being precluded from the situation of the property, from giving it his personal observation, or from its character, being unable to judge of it, the law will protect him in the trust he reposes in the opposite party."

In this case the lands were situated in a different county from that where the exchange was made and the records of liens were, of course, in that county, while the incumbrances themselves (deeds of trust) were held in the city of St. Louis, nearly four hundred miles from the parties. In such circumstances defendants knew that plaintiff could not well ascertain the true condition of affairs for herself and plaintiff was jus-

tified in placing reliance on their representations.

It is next suggested that no willful design to defraud plaintiff was shown against defendants. This was not necessary. If plaintiff's grievance is left unredressed it will be a fraud upon her notwithstanding a lack of intention on defendants' part. They must be held to have intended the inevitable consequence of their acts. Florida v. Morrison, supra. And in this connection it is said that defendants' representations were innocently made, through mistake, without knowledge of their falsity and with no intention to deceive. In such case say defendants, the decree is not justified, citing Dulaney v. Rogers, 64 Mo. 203. The language relied upon in that case was written in reference to a personal action of deceit for damages. A case unlike this. But even in such case, if one asserts, as of his own knowledge, a material matter for the truth when he does not know whether it is true or false he will be liable for deceit if it be false. It can make no difference if we concede that there was an innocent mistake made by defendants. Their innocence ceases when apprised of the wrong they have done and they refuse to rectify it. In such cases as this it is not a question of willful and designing fraud, but rather a question whether a fraud will result to plaintiff if she be put off without redress.

Among defendants' objections to the decree, is that it is premature—that it could not be rightfully rendered until plaintiff had been ousted by reason of the incumbrance, or had paid it. The objection is not well taken. The reason given for sustaining the rule that one can not resort to his covenant of warranty for substantial damages on account of a superior title is, that he may never be disturbed, and if, before being ousted, he be allowed to recover the consideration money which he has paid, it may result in his having both the money and land. Pence v. Gabbert, 63 Mo. App. 302. But here there is a

subsisting incumbrance on the land, which if plaintiff had discharged she could have recovered the amount of defendants. Not exercising that right, it is yet defendants' duty to remove it, and failing to do so that plaintiff have a lien for the amount thereof charged on the land she conveyed to them. The discharge of that incumbrance, as before intimated, was a part of the consideration for plaintiff's lots and the decree rendered here is supported by the case of Pratt v. Clark, supra, and Florida v. Morrison, supra.

A full consideration of defendants' brief and argument in support thereof has not convinced us of the soundness of the points urged. The judgment will be affirmed. All concur.