Johnson v. Burks.

---

WILL H. JOHNSON, Administrator, etc., Respondent,
v. MOLLY P. BURKS, Appellant.

Kansas City Court of Appeals, November 23, 1903.

1. **VENDOR'S LIEN: Exchange of Lands: Equity and Law.** A vendor's lien arises as well where by exchange land is to be received as where money in specie is to be paid on the principle that it would be against conscience to permit a purchaser to hold the land and not pay the full consideration, and the right to enforce the lien exists contemporaneous with the right to recover at law.

2. ———: **Equity: Insolvent Purchaser: Waiver: Burden of proof.** Equity will grant relief where the legal remedy is inadequate as in the case of an insolvent purchaser; and generally the lien exists and the burden is on the purchaser to establish its waiver in any case, and in case of a doubt the lien attaches.

3. ———: **Exchange of Lands; Consideration.** Where in an exchange of lands the title to part of the land fails, then it is a failure of consideration to that extent and a vendor's lien arises in favor of the vendor who took the land with the bad title.

4. ———: **Solvent Estate: Administration: Evidence.** Where the vendor dies and no administration is taken out on his estate, the inference is that he died leaving no property subject to administration, and in legal contemplation insolvent; and the evidence taken with the finding of the chancellor is held to favor that view.

5. ———: ———: **Jurisdiction of Equity.** Although a vendor's estate be solvent and an action at law adequate, equitable relief is not thereby precluded but exists contemporaneously with the right to recover at law, since the right is accompanied with a trust and is of ancient equitable jurisdiction.

6. ———: **Deeds: Voluntary: Consideration.** A deed to a daughter recited that it was for natural love and affection and ten dollars. *Held*, the daughter was a volunteer and the lots in her hands were subject to be charged with a vendor's lien since she accepted the deed and claimed under it.

7. ———: ———: ———: **Witnesses: Grantor's Wife: Grantee.** The wife of a dead grantor is incompetent to testify as to the consideration in a deed between her husband and his daughter, and so is the daughter incompetent.

8. ———: ———: ———: **Evidence: Grantor's Declarations.** The declarations of a grantor, dead or living, are inadmissible in favor of a volunteer or fraudulent grantee to show a valuable consideration.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,*
Judge.

AFFIRMED.

*Platt Hubbell, George Hubbell* and *O. N. Gibson*
for appellant.

(1) A vendor's lien, for failure of title, can not exist where there is an exchange of lands, and nothing more. Where anything is taken in satisfaction of the price, although payment is not positively made, the vendor's implied lien does not exist. 28 Am. and Eng.

Ency. Law, 156, 164, 185, 188, 193; Adams v. Cowherd, 30 Mo. 460; 2 Story on Equity (13 Ed.), sec. 1223; Willard v. Vandusen, 32 Barb. 92; Shelly v. Estes, 83 Mo. App. 310; Nixon v. Knollenberg, 92 Mo. App. 20; Jones v. Rush, 156 Mo. 372; Stevens v. Rainwater, 4 Mo. App. 298; Anderson v. Griffith, 66 Mo. 44; Christy v. McKee, 94 Mo. 241; Wendler v. Lambeth, 163 Mo. 441; Hammond v. Peyton, 34 Minn. 529. Therefore, the court erred in refusing to give defendant's declaration of law in the nature of a demurrer to plaintiff's evidence. Powell v. Canaday, 69 S. W. 686. (2) It was competent to show by parol, that there was a valuable consideration for the deed from Richard Burks to appellant. 1 Jones on Real Estate in Conveyancing, secs. 295, 296; 298, 301, 302, 259; Abbott's Tr. Brief, page 271; Henderson v. Henderson, 13 Mo. 151; Draper v. Shoot, 25 Mo. 197; Ribshul v. Lack, 35 Mo. 316; Laudman v. Ingram, 49 Mo. 312; Fontaine v. Bank, 57 Mo. 561; Hollacher v. Hollacher, 62 Mo. 267; Wood v. Bradley, 76 Mo. 23; Moore v. Ringo, 82 Mo. 468; Allen v. Kennedy, 91 Mo. 324; Taylor v. Crocket, 123 Mo. 300; Jones v. Geery, 153 Mo. 476; Hamilton v. Clark, 25 Mo. App. 428; Sunderlan v. Struthers, 45 Pa. St. 411. (3) The court erred in excluding the testimony of the declarations of Richard Burks. They were primarily competent as admissions of a party to the issue involved, regardless of whether they were against interest. 1 Am. and Eng. Ency. Law (2 Ed.), 713; 1 Greenleaf on Evidence (15 Ed.), secs. 181, 169. (4) And they were competent as declarations against interest. 5 Am. and Eng. Ency. Law (1 Ed.), 366; 9 Am. and Eng. Ency. Law (2 Ed.), 8; 1 Greenleaf on Ev. (15 Ed.), sec. 147, et seq.; Wynn v. Cory, 48 Mo. 446; Dickinson v. Chrisman, 28 Mo. 134; Murray v. Oliver, 18 Mo. 405; McLaughlin v. McLaughlin, 16 Mo. 242; Nichols v. Ellis, 98 Mo. 344; Hinters v. Hinters, 114 Mo. 31; Klopper v. Levi, 33 Mo. App. 322; Gunn v. Thurston, 130 Mo. 339; Cole v. Armour, 154 Mo. 333; Curd v. Brown, 148 Mo. 82; Carney

v. Carney, 92 Mo. 363; Kennedy v. Kennedy, 57 Mo. 73; Ringo v. Richardson, 53 Mo. 385; Johnson v. Quarles, 46 Mo. 423. (5) Mrs. Burks was a competent witness. The court erred in striking out her testimony. 1 Greenleaf on Ev. (15 Ed.), sec. 339; Shanklin v. McCracken, 140 Mo. 348; Lynn v. Hockaday, 162 Mo. 111; Spradling v. Conway, 51 Mo. 51; Hoyt v. Davis, 30 Mo. App. 309.

*Peery & Lyons* and *Hugh C. Smith* for respondent.

(1) Where parties exchange lands and the title to one of the parcels fails, the vendee of that parcel has a vendor's lien against the other tract. Pratt v. Clark, 57 Mo. 189; Bennett v. Shipley, 82 Mo. 448; Pratt v. Eaton, 65 Mo. 157; McKee v. Christy, 94 Mo. 241; Foote v. Clark, 102 Mo. 394; Florida v. Morrison, 44 Mo. App. 529; Williams v. Crow, 84 Mo. 298; Stewart v. Wood, 63 Mo. 252; Toby v. McAllister, 9 Wis. 463; Bradley v. Bosley, 1 Barb. Ch. 125; Coit v. Fogera, 36 Barb. 195. (2) Though plaintiff may have an adequate remedy at law, by an action on the covenants of warranty, this would not preclude the equitable relief. The right to enforce the vendor's lien may exist contemporaneously with a right to recover at law. Pratt v. Clark, 57 Mo. 189; Bishop v. Seal, 87 Mo. App. 256. (3) If the title is defective or the property is incumbered, the vendee has a lien. Smilly v. Adams, 88 Mo. App. 621; Demeter v. Wilcox, 115 Mo. 634; Bishop v. Seal, 87 Mo. App. 256; Bank v. Edwards, 84 Mo. App. 462; Thompson v. Beal, 116 Ill. 113; Drinkwater v. Morman, 61 Ga. 395. (4) If a conveyance be voluntary or without consideration, or if the grantee have notice, the land is chargeable in the hands of such grantee, with a vendor's lien. Davenport v. Murray, 68 Mo. 198; Williams v. Crow, 84 Mo. 28; Skinner v. Purnell, 52 Mo. 96; 3 Pom. Eq. Jur., sec. 1253, and note. (5) The burden of proof is on the defendant to show that she is a bona fide purchaser for

value in good faith and without notice. Lishop v. Schneider, 46 Mo. 432; Aubuchon v. Bender, 44 Mo. 560; Chouteau v. Burlando, 20 Mo. 482; Paul v. Fulton, 25 Mo. 156; Halsa v. Halsa, 8 Mo. 303; Ins. Co. v. Smith, 117 Mo. 294; Jewett v. Palmer, 7 John. Ch. 65; Young v. Schoffield, 132 Mo. 650; Hoffman v. Nolte, 127 Mo. 120; 22 Ency. Pleading and Practice, 734, 735, and notes; Wallace v. Wilson, 30 Mo. 335. (6) The conveyance to the defendant upon its face shows that she received from her father for a consideration of $10, property which the evidence shows to have been worth at least $2,250. There is in this record, as we shall hereafter show, no legal or competent evidence of any other consideration. Such great inadequacy of price is of itself sufficient in law to show notice on the part of defendant of the defect in her title. 2 Pom., Eq. Jur., sec. 600; Eck v. Hatcher, 58 Mo. 235; Hoppin v. Doty, 25 Wis. 573; Ins. Co. v. Smith, 117 Mo. 293; Lionberger v. Baker, 88 Mo. 454. (7) The defendant is not a competent witness for any purpose in this case. Lins v. Linhardt, 127 Mo. 271; Nowack v. Berger, 133 Mo. 24; Kane v. Kane's Admrs., 79 Mo. App. 339; Miller v. Wilson, 126 Mo. 48; Curd v. Brown, 148 Mo. 95; Miller v. Slupsky, 158 Mo. 643; Baker v. Reed, 162 Mo. 341; Tygord v. Falor, 163 Mo. 234; Sidway v. Land Co., 163 Mo. 342; St. Joseph v. Baker, 86 Mo. App. 310; Saetelle v. Ins. Co., 81 Mo. App. 509; Nichols v. Jones, 32 Mo. App. 657; Ashbrook v. Litcher, 41 Mo. App. 369; Sitton v. Shipp, 65 Mo. 297; Mullock v. Mullock, 156 Mo. 442. (8) Mary A. Burks, the widow of Richard Burks, was a party to both conveyances in issue and on trial, and Daniel Welch being dead, she is wholly incompetent to testify in favor of her daughter claiming under her. O'Bryan v. Allen, 108 Mo. 227; Messimer v. McCray, 113 Mo. 382; Nowack v. Berger, 133 Mo. 37; Davis v. Wood, 161 Mo. 17; Bieber v. Boeckman, 70 Mo. App. 506; Patton v. Fox, 169 Mo. 107; Chapman v.

Dougherty, 87 Mo. 617; Meier v. Thieman, 90 Mo. 433; Baker v. Reed, 162 Mo. 355; Davis v. Wood, 161 Mo. 29; Patton v. Fox, 169 Mo. 107. She was clearly disqualified to prove the statements, declarations and conversation of her husband. Moore v. Wingate, 53 Mo. 398; Holman v. Bachus, 73 Mo. 49; Willis v. Gammill, 67 Mo. 730; McFadden v. Catron, 120 Mo. 253; Shanklin v. McCracken, 140 Mo. 356. (9) The declarations of a deceased grantor, as to his purpose in executing a deed, are properly excluded in a suit by a widow to set aside the deed as being voluntary and in fraud of her rights of dower. Tucker v. Tucker, 32 Mo. 464; Wood v. Hicks, 36 Mo. 326; Watson v. Bissell, 27 Mo. 220; Rice v. Waddill, 168 Mo. 99; Schierbaum v. Schemme, 157 Mo. 16; Gibson v. Gibson, 24 Mo. 227; Payne v. Payne, 57 Mo. App. 130; Woolen Co. v. Wollman, 87 Mo. App. 658; Davis v. Green, 102 Mo. 170; Grace v. Nesbit, 109 Mo. 9; Cazier v. Hinchey, 143 Mo. 203; Wilson v. Hobbs, 73 Mo. App. 656; Gentry v. Field, 143 Mo. 399; 2 Whart., Ev., secs. 1168, 1169.

SMITH, P. J.—The salient facts of this case, as disclosed by the record before us, may be stated in this wise, viz.: That in the year 1880 Daniel Welch was the owner of two lots in the city of Trenton, and Richard Burks claimed to be the owner of one hundred acres of farm land lying near said city. Welch exchanged the city lots with defendant for his land. Each conveyed to the other by a deed of general warranty the subjects of the exchange. The consideration named in the deed of the former was $3,500, and in that of the latter $3,000. Shortly afterwards Burks conveyed to his daughter the Welch lots by deed in which the expressed consideration was "natural love and affection and the sum of ten dollars." Welch conveyed the Burks land by a warranty deed to another, and under certain mesne conveyances Thomas Brunson succeeded to the Burks title. In 1896 one Hall, in an action of ejectment against

Brunson, recovered forty acres of the Brunson land. Later on, Brunson brought his action against the plaintiff as administrator of Daniel Welch—he being then dead—for the breach of the covenants of warranty contained in Welch's deed conveying the said forty acres, and recovered $1,125. Still later on, the plaintiff discharged said judgment.

The plaintiff brought this suit, the object of which was to obtain a decree of the court declaring that plaintiff was entitled to a vendor's lien and the enforcement thereof against said city lots for the amount of money which he was compelled to pay on account of the failure of the title to the forty acres which had been conveyed as aforesaid by his intestate, Daniel Welch. The finding and decree of the trial court was for the plaintiff and the defendant appealed.

The effect of the transaction of the exchange of properties between Welch and Burks was that the former sold to the latter his city lots for an agreed consideration of $3,500, and such latter in payment, or part payment, thereof, conveyed to the former his farm lands at an agreed price of $3,000. It is a conceded fact that such latter had no title to forty acres of the land and that to the extent of the value of that forty he did not pay to such former the contract price of his city lots. About one-third of the purchase price of the city lots has not been paid. Will not equity imply a lien in favor of the vendor against the lots conveyed for the unpaid purchase price? It is the defendant's contention that a vendor's lien is not implied when there is an exchange of lands and nothing more.

It is very well settled that the vendor's lien arises as well where by exchange land is to be received as where money in specie is to be paid. Pratt v. Clark, 57 Mo. 189; Bennett v. Shipley, 82 Mo. 448; Bank v. Knapp, 61 Miss. 485; Drinkwater v. Morman, 61 Ga. 395; Bryant v. Stephenson, 58 Ala. 636; Burns v. Taylor, 23 Ala. 255; Dawson v. Girard, 27 Minn. 411; Mc-

Dole v. Purdy, 23 Iowa 277. And the principle on which this lien, in the nature of a trust, is founded is, that it would be against conscience to permit a person who has obtained the land of another to keep it and not pay the full consideration money. 2 Story on Eq. Juris., sec. 1219. And the right to enforce the vendor's lien may exist contemporaneously with the right to recover at law. Stewart v. Caldwell, 54 Mo. 536; Pratt v. Clark, supra; Bishop v. Seal, 87 Mo. App. 256; Simily v. Adams, 88 Mo. App. 1. c. 621.

Especially will equity grant relief where the legal remedy is inadequate, as for example where the party complained of is insolvent. Bishop v. Seal, supra; Harper v. Rosenberger, 56 Mo. App. 388. And generally speaking, the lien of the vendor exists; and the burden is on the purchaser to establish that in the particular case it has been intentionally displaced or waived by the consent of the parties. If under all the circumstances there remains a doubt, then the lien attaches. Story on Eq. Jur., sec. 1224.

This is not a case where it is contended that the vendor has by some act of his waived or caused to be displaced his lien, but it is rather one where the lien was not implied or did not arise in consequence of the transaction. Whether the transaction be called an exchange or sale of lands is of no special importance, since equity will regard the substances rather than the form of such a transaction. Simily v. Adams, 88 Mo. App. supra. Burks could not be allowed to hold the lots sold and conveyed to him by Welch exempt from the lien until he had paid or performed the consideration, for "that would be against conscience." Pratt v. Clark, 57 Mo. supra. By the deed of Welch he had acquired the fee-simple title of the lots of the latter. The final consideration for this has not been performed or paid. He has not conveyed to the latter the fee-simple title to the one hundred acres of land, but only to a part of it, or six-tenths—and to that extent the purchase price or con-

sideration has not been paid or performed. It is true Burks and Welch both supposed the deed of the former to be effective to convey the title to the whole one hundred acres instead of only sixty acres of it. There is nothing in the facts of the transaction that indicates that Welch intended to waive the right which the law gave him. In legal effect he has no more been paid the full price agreed upon for his lots than he would have been had Burks delivered to him as "payment in part counterfeit coin." White v. Street, 67 Texas 177. The conveyance by Burks of the forty acres was wholly ineffectual to pass the fee. If it had not been included in his deed at all, the condition of Welch would not have been different from what it is. The fact remains that Burks has acquired title to the lots and has not in any way paid the entire purchase price. If under these circumstances we had a doubt, as we have not, as to whether Welch was entitled to a lien, that doubt would be resolved in favor of its existence.

But it is contended by the defendant that as the estate of Burks is solvent and the plaintiff may have his action against it on the covenants of the deed, that he has an adequate remedy at law and that, therefore, the interference of a court of equity can not be successfully invoked. It is conceded that Burks died in the county where he had for many years previously thereto resided, and that there was no administration of his estate in that or in any other county. This circumstance of itself we think sufficient to authorize the rebuttable inference that he died leaving no property or effects subject to administration, and that in legal contemplation he was, when that event happened, insolvent. The evidence offered is by no means sufficient to satisfy us that Burks was solvent at the time of his death or to rebut the inference of insolvency. And besides this, the trial court after hearing all the evidence offered and given, found the issue in favor of the plaintiff. In view of

this, we feel it to be our duty to defer to the finding of the trial court in respect to this issue.

But suppose the Burks estate is solvent and that an action at law on the covenants of the Burks deed to Welch could be maintained for the recovery of the amount which the plaintiff has been compelled to pay to Brunson, must this case fail for that reason? It is now well settled in this State, as we have seen, that a vendor has an adequate remedy at law by an action on the covenants of warranty by reason of an eviction, but this does not preclude equitable relief, for the right of a vendor to enforce his lien may well and frequently does exist contemporaneously with a right of recovery at law. And the ancient jurisdiction always exercised by courts of equity in cases of trust will not be ousted by the fact that courts of law could afford apparently adequate relief. The contention that a vendor must be insolvent before a court of equity will lend its aid to enforce the lien of the vendor for the unpaid purchase price, can not be sustained.

The defendant further objects that she is a good-faith purchaser of one of the lots from her father, instead of a volunteer, and that the lot in her hands is not subject to be charged with the plaintiff's lien. The conveyance of the lot by her father on its face shows that it was voluntary and without consideration. She accepted it and claims under it.

The widow of Richard Burks, her grantor, was called as a witness and testified as to the transaction between her husband and the defendant in respect to the making of the deed by the former to the latter, and also as to the negotiations between such former and latter which preceded and led up to the execution of the deed. This evidence was stricken out by the court on the objection of plaintiff, and this action of the court we do not think was error. Evidence of this kind by a wife is excluded on the ground of public policy. Mrs. Burks was disqualified to be a witness under the statute.

Moore v. Wingate, 53 Mo. 398; Holman v. Bachus, 73
Mo. 49; McFadin v. Catron, 120 Mo. 252; Shanklin v.
McCracken, 140 Mo. 356; Patton v. Fox, 169 Mo. 107.
Nor is the action of the trial court to be condemned for
rejecting the offer of the defendant to testify that the
consideration recited in the deed from her father to her-
self was other and different from that therein stated
and in that way to change her prima facie quality of
volunteer to that of a bona fide purchaser for value.
Saetelle v. Ins. Co., 81 Mo. App. 509; Ashbrook v.
Letcher, 41 Mo. App. 369; Nichols v. Jones, 32 Mo. 657.
Nor was defendant any more competent to testify to the
consideration of the deed or as to the acts of perform-
ance of the contract under which she claims the consid-
eration was other than that expressed in the deed, than
to the contract itself. Saetelle v. Ins. Co., supra;
Sitton v. Shipp, 65 Mo. 297; Mulock v. Mulock, 156 Mo.
442. · And so it has been ruled that the disability as a
witness of one of the original parties to the contract or
cause of action in issue and on trial, where the other
party is dead, is *co-extensive with every action where
such instrument or cause of action may be called in
question.* Chapman v. Dougherty, 87 Mo. 617; Meier
v. Thieman, 90 Mo. 433; Baker v. Reed, 162 Mo. 355;
Davis v. Wood, 161 Mo. 29; Patton v. Fox, ante.

Nor do we think the court erred in excluding the
testimony of the witnesses Burkeholder and Curd, in
substance that the defendant's grantor and father had
told them the object and purpose he had in view in mak-
ing the deed to the defendant. Tucker v. Tucker, 32
Mo. 464. These declarations of the father of defend-
ant were not against his interest at the time they were
made, but were in their very nature self-serving. We
do not know of any authority that gives countenance to
the notion that the declarations of a grantor, whether
living or dead, are admissible in evidence in favor of
a volunteer or a fraudulent grantee to show a valuable
supporting consideration where the deed itself recites

the consideration to be that of love and affection and a mere nominal money consideration.

The plaintiff as administrator of Welch occupies, as to the defendant, very much the position of a creditor of her grantor, and as between the plaintiff as a creditor of defendant's grantor and the defendant claiming title under him to the property sought to be charged with the lien, it certainly can not be that she can show herself a bona fide purchaser for value by the self-serving declarations of her grantor, no difference when made.

Looking at all the facts and circumstances disclosed by the evidence, we think the trial court was fully justified in finding that the defendant was not a bona fide purchaser for value, but a mere volunteer in whose hands the property was as much subject to be charged with the lien as if it had remained in the hands of her father.

The amount for which Brunson recovered judgment against plaintiff on the covenant of warranty, and which has been paid by him, was in legal effect the measure of that part of the consideration for the conveyance by Daniel Welch of his city lots to Richard Burks which remains unperformed and unpaid by the latter.

We think the decree was for the right party and should be affirmed.    All concur.